IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| MATTHEW LEFANDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:25-cv-54 (RDA/WEF) |
| | ) | |
| JONA MIKELL BLOCKER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

This matter comes before the Court upon Plaintiff Matthew A. LeFande's ("Plaintiff") Rule 72 Objections ("Objections") (Dkt. 21) to Magistrate Judge William E. Fitzpatrick's April 18, 2025 Order (Dkt. 20). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering Plaintiff's Objections, the Court will OVERRULE the Objections for the reasons that follow.

I. BACKGROUND

On February 26, 2025, a summons pertaining to Defendant Vladimir Dmitrievich Torbenko was returned executed. Dkt. 10. In the executed proof of service, process server Greg Baker indicates that he personally served Torbenko on February 1, 2025. *Id.* at 1. The return also included certified mail receipts for a certified mail delivery directed to Torbenko at a Maryland address. *Id.* at 2-3. On February 28, 2025, Magistrate Judge Fitzpatrick issued an Order stating that personal service on Torbenko was ineffective because "notably absent from Baker's account is any indication of how he concluded the person he attempted to serve was actually Torbenko." Dkt. 11 at 2. Further, the Order explained that Plaintiff's attempt to serve Torbenko by mail was

also ineffective because the mail receipts "plainly state that the sender of the certified mail was Plaintiff, not a nonparty." *Id.* at 3.  As a result, "because it is uncertain as to whether Torbenko received actual notice of this action," Plaintiff's ineffective service on Torbenko was quashed and Plaintiff was permitted to attempt to re-serve Torbenko on or before April 13, 2025.  *Id.*

On April 10, 2025, Plaintiff filed a Motion for Alternative Means of Service, requesting that the Court direct the United States Marshal to "locate Co-Defendant Vladimir Torbenko and accomplish Rule 4 service of process upon him" or in the alternative, "permit service of process by alternative means such as publication." Dkt. 18 at 9.  Plaintiff also requested "an interim award of all costs so incurred in service upon the Defendants." *Id.*  In support of his requests, Plaintiff stated that certified mail has been sent to Torbenko and subsequently returned to Plaintiff as undeliverable, that Torbenko has refused the Complaint and fled from the process server, and that "the process servers have been retaliated against and impeded from accomplishing their duties by the Defendants." *Id.* at 1.

On April 18, 2025, Magistrate Judge Fitzpatrick issued an Order denying Plaintiff's Motion for Alternative Means of Service because the "requested relief is not appropriate on the record presented." Dkt. 20 at 1.

## II.  LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 72(a), a non-dispositive ruling of a Magistrate Judge may only be reversed where it is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a).  As district courts have sensibly recognized, "altering a magistrate judge's non-dispositive orders is extremely difficult to justify." *CertusView Techs., LLC v. S&N Locating Servs., LLC*, 107 F. Supp. 3d 500, 504 (E.D. Va. 2015).  A magistrate judge's "finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S.*

2

*Gypsum Co.*, 333 U.S. 364, 395 (1948). "An order is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Philpott v. Va. Dep't of Transp.*, 2022 WL 3359361, at *1 (W.D. Va. Aug. 15, 2022). "The 'contrary to law' standard ordinarily suggests a plenary review of legal determinations, but many courts have noted that decisions of a magistrate judge concerning discovery disputes ... should be afforded 'great deference.'" *In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 470 (E.D. Va. 2010).

### III. ANALYSIS

In his Objections, Plaintiff asserts that the Court should permit service of process by alternative means such as publication or by directing the United States Marshal to locate Torbenko and accomplish service of process upon him. Dkt. 21 at 2.

Upon review of the record, this Court finds that Magistrate Judge Fitzpatrick's Order was not "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). Federal Rule of Civil Procedure 4(c) states that, in general, "[t]he *plaintiff* is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1) (emphasis added). However, "[a]t the plaintiff's request, the court *may* order that service be made by a United States marshal or deputy marshal." Fed. R. Civ. P. 4(c)(3) (emphasis added). "If the plaintiff is proceeding in forma pauperis . . . , service by the United States Marshal is mandatory . . . . If the plaintiff is not proceeding in forma pauperis . . . , the decision falls within the discretion of the court." *Blackburn v. Catawba Cty., N. Carolina*, No. 5:19-cv-101, 2020 WL 718272, at *3 (W.D.N.C. Feb. 12, 2020) (citing Fed. R. Civ. P. 4(c)(3)). Plaintiff is not proceeding *in forma pauperis*. Accordingly, it is within the Court's discretion to determine whether to order service by the United States Marshals Service. Given that the decision to order service by the United States Marshals Service is discretional, Magistrate Judge Fitzpatrick's Order was not clearly erroneous or contrary to law.

Moreover, as Magistrate Judge Fitzpatrick correctly noted, even if directed to serve process pursuant to 18 U.S.C. § 1965, the United States Marshals Service would not bear the responsibility of independently locating Torbenko but rather must be provided sufficient information by Plaintiff to enable effective service. *See Walker v. Sumner*, 14 F. 3d 1415, 1422 (9th Cir. 1994).

Furthermore, Magistrate Judge Fitzpatrick's decision is supported by ample evidence in the record. Although Plaintiff alleges that Torbenko ran away from a process server, neither Plaintiff nor the process server established that the person who ran from the process server *was* Torbenko. Thus, Plaintiff's attempts to serve Torbenko were primarily ineffective due to errors made by the process server or by Plaintiff himself. With respect to the attempt to serve Torbenko via certified mail, the mail receipts showed that Plaintiff was the sender of the certified mail and not, as required, a nonparty to the action. And that mail was returned to sender, so there is no evidence in the record that it was received by Torbenko or was otherwise delivered in a manner that would constitute effective service. Given that the record reveals that service was ineffective due to resolvable errors on the part of Plaintiff or the process server, service by the United States Marshal Service or by publication is not appropriate at this time. *See S. Bank & Tr. Co. v. Sept. Song, LLC*, 2014 WL 1404523, at *2 (E.D. Va. April 9, 2014) ("Service by publication is a disfavored measure and should only be used as a means of last resort."). Thus, Magistrate Judge Fitzpatrick's Order, which stated that the "requested relief is not appropriate on the record presented," was not clearly erroneous or contrary to law. Dkt. 20 at 1.

Accordingly, after reviewing the record and Magistrate Judge Fitzpatrick's Order, and finding no clear error, it is hereby ORDERED that Plaintiff's Objections (Dkt. 21) are OVERRULED; and it is

FURTHER ORDERED that Plaintiff may attempt to re-serve Torbenko on or before July 2, 2025. Plaintiff is advised that the failure to effect service properly on Torbenko within the

appropriate time may result in the dismissal of the action as to Torbenko for failure to serve, pursuant to Fed. R. Civ. P. 4(m).

The Clerk is directed to send a copy of this Order to Plaintiff, proceeding *pro se*, and to counsel of record for Defendant.

It is SO ORDERED.

Alexandria, Virginia
June 11, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge