IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MATTHEW A. LEFANDE,

      **Plaintiff,**

v.                                                       Civil Action No. 1:25cv54

JONA MIKELL BLOCKER,

and

FLOYD P. ALLEN

      **Defendants.**

## SUPPLEMENTAL BRIEF ON STANDING

COMES NOW, the Defendant, Jona Mikell Blocker, by and through counsel, and pursuant to this Court's September 30, 2025 Memorandum Opinion and Order, files her supplemental brief on the matter of standing. (ECF No. 23).

## ARGUMENT

1. "[A] plaintiff must demonstrate standing for each claim he seeks to press." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (quoting *Lewis v. Casey*, 518 U.S. 343, 348 n.6 (1996)). In his complaint, LeFande alleges 6 predicate offenses and does not connect any to any particularized damage. The ultimate claim in Count I alleges that "the Defendants have . . . acquired *de facto* control of CPI." (ECF No. 1 at ¶ 94). LeFande does not articulate how this loss of "control" has caused any pecuniary damages.

2. When it comes to civil RICO suits brought on by private individuals, the plaintiff must plead injury to their business operations or property caused by the RICO violations. *D'Addario v. Geller*, 264 F. Supp. 2d 367, 396 (E.D. Va. 2003) (citation omitted).

3. As this Court articulated in its opinion and order, the previous rule in the Fourth Circuit was that, in order to "establish injury to business or property 'by reason of' a predicate act of mail fraud [or wire fraud] within the meaning of § 1964(c)," a plaintiff must "establish detrimental reliance [on the fraud] by the victim to make out a [RICO] violation." *See Brandenburg v. Seidel*, 859 F.2d 1179, 1188 n.10 (1988). But, in *Neder v. United States*, the Supreme Court of the United States reviewed a criminal case of fraud and determined that "justifiable reliance and damages" are not required to be proved in criminal fraud cases. 527 U.S. 1, 24-25 (1999) (internal quotation marks omitted); *Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 649-50 (2008) (articulating a situation where damages occur without first-party reliance upon a misrepresentation and finding that "first-party" reliance is no longer required in mail or wire fraud actions).[1]

4. The Supreme Court clarified that in civil matters a claim "would fail without proof of damage, but that has no application to criminal liability." *Neder*, 527 U.S. at 25. Therefore, LeFande must allege with specificity some injury or damages that is proximately caused by alleged actions of the defendants.

---

[1] The district courts appear to be split on the issue of whether reliance is still required in cases of civil mail or wire fraud cases. *Compare Baldino's Lock & Key Serv. v. Google, Inc.*, 88 F. Supp. 3d 543, 547-48 (E.D. Va. 2015) (rejecting a RICO allegation in part for failure to prove detrimental reliance in a case of mail/wire fraud) (cited with approval in *Glazer v. Meta Platforms, Inc.*, 2025 U.S. Dist. LEXIS 205372, at *11 n.6 (Md. Oct. 17, 2025)) *with Oriole Grp., LLC v. Pool Scouts Franchising, LLC*, ___ F.Supp. 3d ___, ___, 2025 U.S.Dist. LEXIS 140100, at *39-40 (E.D. Va. July 17, 2025) (finding that *Bridge* affirmatively removes the reliance prong and that evidence of reliance aids in finding causation but is not required to prove standing). The Circuit Court of Appeals for the Fourth Circuit may need to address this question in the future to clarify the law.

5. The Supreme Court of the United States has not affirmatively defined what constitutes an "injury" or "damages" in the RICO statute. "A plaintiff has been 'injured in his business or property' if his business or property has been harmed or damaged.'" *Med. Marijuana, Inc. v. Horn*, 604 U.S. 593, 593 (2025). The Supreme Court stated that "§ 1964(c) does not allow recovery for all harms." *Id.* The Supreme Court has also stated that "determining whether a plaintiff has alleged a domestic injury [for purposes of RICO] is a context-specific inquiry." *Yegiazaryan v. Smagin*, 599 U.S. 533, 543 (2023) (alteration in original) (quoting *Smagin v. Yegiazaryan*, 37 F.4th 562, 570 (9th Cir. 2022)).

6. The Fourth Circuit interpreted this to mean that the plaintiff must show "financial harm from the defendants' scheme." *Amazon.com, Inc. v. WDC Holdings, LLC*, ___ F.4th ___, ___, 2025 U.S. App. LEXIS 23883, at *20 (4th Cir. Sep. 16, 2025). In *Amazon*, the Fourth Circuit reversed the district court's decision on RICO damages, finding that Amazon had sufficiently pleaded financial damages. *Id.* 2025 U.S. App. LEXIS 23883, at *20. Amazon satisfied this claim by articulating that the defendants' "kickback scheme" created increased costs for its real estate transactions. *Id.*

7. In stark contrast, LeFande does not identify any personal financial impact because of the alleged fraudulent acts. Even assuming that LeFande's allegations are true, he has not alleged any damage that he suffered was proximately caused by the defendants' actions. "[A] plaintiff's right to sue under [§ 1964(c)] require[s] a showing that the defendant[s'] violation not only was a 'but for' cause of his injury, but was the proximate cause as well." *Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 457 (2006) (quoting *Holmes v. Sec. Investor Prot. Corp*, 503 U.S. 258, 268 (1992)).

8. LeFande does not allege any specific damage to his property or personal business interests. The primary complaint that LeFande makes is that the Defendants have attempted "to take control of the Commonwealth Protection Institute" (CPI). (ECF No. 1 at ¶ 7). LeFande does not allege

that he has lost any ownership interest in CPI, voting interest on the board of directors, or any other financial loss.

9. Reading the complaint liberally, LeFande's allegations of all possible damages include:

    a. "Blocker . . . seized all of LeFande's personal property, and a substantial amount of property belonging to CPI" in October 2023. (ECF No. 1 at ¶ 35).

    b. LeFande allegedly lost "access to the ATF eForms account for CPI." (ECF No. 1 at ¶ 41).

    c. LeFande allegedly faces "potential legal jeopardy with ATF" for CPI's failure to provide "a complete accounting for the inventory of CPI's ATF regulated firearms." (ECF No. 1 at ¶ 44).

    d. "CPI's liability insurance was not renewed." (ECF No. 1 at ¶ 53).

    e. "CPI lost numerous internet sales." (ECF No. 1 at ¶ 62).

    f. "[T]he Virginia Department of Criminal Justice Services announced its intention to fine CPI for the 2024 lapse in insurance coverage." (ECF No. 1 at ¶ 63).

10. LeFande and CPI are separate legal entities, and damages sustained by CPI are not transferable to LeFande. Further, LeFande has not brought this suit as a derivative suit on behalf of CPI but in his personal capacity. Assuming without conceding that LeFande's allegations are true and have caused any harm to CPI, said harm does not give LeFande the personal right to sue. The purpose of § 1964(c) is to redress or remedy damages to one's own person or an entity's business.

11. This case is analogous to *Anza*, wherein Ideal claimed that "Joseph and Vincent Anza" defrauded the State of New York "through a pattern of mail fraud and wire fraud," which damaged Ideal in the process. 547 U.S. at 457-58. But, the Supreme Court of the United States rejected this

theory because "[i]t was the State that was being defrauded," not Ideal. *Id.* To the extent there was any fraud committed, the fraud was committed against the ATF, the United States, CPI, and/or the Commonwealth of Virginia and its agencies. LeFande does not identify how LeFande himself was damaged or defrauded.

12. The Supreme Court continued and stated that even though Ideal suffered some harms, there was attenuation between the harms suffered by Ideal and the alleged fraud perpetrated by the Anzas. *Id.* at 458. LeFande's sole allegation of personal property damage is that in October of 2023, Blocker "seized all of LeFande's personal property." (ECF No. 1 at ¶ 35). To the extent this is true, LeFande does not allege how the mail fraud or wire fraud actions were the proximate cause of Blocker withholding his personal property.

13. LeFande does not articulate or substantiate a claim of actual injury or pecuniary damages sustained that are the direct and proximate cause of the alleged wire or mail fraud actions. In the absence of damages, LeFande's claims cannot proceed.

14. "A plaintiff who does not allege an injury proximately caused by a predicate RICO violation cannot 'make out a right to sue' under RICO at all." *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91, 109 (4th Cir. 2025) (quoting *Holmes*, 503 U.S. at 276). "[R]egardless of how foreseeable a plaintiff's claimed injury might be or even what motive underlaid the conduct that caused the harm, the injury for which a plaintiff may seek damages under RICO cannot be contingent on or derivative of harm suffered by a different party." *Id.* at 107 (quoting *Slay's Restoration, LLC v. Wright Nat'l Flood Insurance Co.*, 884 F.3d 489, 494 (4th Cir. 2018)).

15. Therefore, this Court should find that LeFande does not have standing to raise his claims under § 1964(c). *See Neder*, 527 U.S. at 24-25. This dismissal should be with prejudice

because any "amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

## CONCLUSION

**WHEREFORE,** Ms. Blocker, by counsel, requests this Honorable Court to Dismiss the Complaint and enter an order Dismissing the Complaint against Ms. Blocker and granting any other relief this Honorable Court deems proper.

                                            Respectfully submitted,

                                            JONA MIKELL BLOCKER,
                                            Defendant herein

\_\_\_\_\_/s/_____
Stephen Lofaso, Esq.
Virginia State Bar No. 76992

Collin Chayce Crookenden, Esq.
Virginia State Bar No. 93455

Callie R. Kyhl, Esq.
Virginia State Bar No. 95856
Counsel for the Defendant

VANDERPOOL, FROSTICK & NISHANIAN, P.C.
9200 Church Street
Suite 400
Manassas, Virginia; 20110
Phone: (703) 369-4738
Facsimile: (703) 369-3653
slofaso@vfnlaw.com
ccrookenden@vfnlaw.com
ckyhl@vfnlaw.com

## CERTIFICATE OF SERVICE

On October 24, 2025, I electronically filed this Supplemental Brief using the CM/ECF system and delivered copies to Plaintiff, Matthew LeFande, proceeding *pro se*.

      /s/
Stephen Lofaso, Esq.
Virginia State Bar No. 76992

Collin Chayce Crookenden, Esq.
Virginia State Bar No. 93455

Callie R. Kyhl, Esq.
Virginia State Bar No. 95856
Counsel for the Defendant

VANDERPOOL, FROSTICK & NISHANIAN, P.C.
9200 Church Street
Suite 400
Manassas, Virginia; 20110
Phone: (703) 369-4738
Facsimile: (703) 369-3653
slofaso@vfnlaw.com
ccrookenden@vfnlaw.com
ckyhl@vfnlaw.com