# UNITED STATES DISTRICT COURT
## Eastern District of Virginia – Alexandria Division

| | |
|---|---|
| MATTHEW A. LeFANDE, | ) |
| Plaintiff, | ) |
| vs. | ) Civil Action No. 1:25-cv-54 |
| JONA MIKELL BLOCKER, ET AL. | ) |
| Defendant. | ) |

## DEFENDANT FLOYD P. ALLEN'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF HIS MOTION TO DISMISS

COMES NOW, the Defendant FLOYD P. ALLEN, by and through counsel, and pursuant to Fed. R. Civ. Pro. 12(b)(6), and states the following as his Supplemental Memorandum in Support of his Motion to Dismiss the Complaint of the Plaintiff, Matthew A. LeFande, and in support thereof states as follows:

### INTRODUCTION

The Defendant, Floyd Allen, hereby moves this Court to dismiss Plaintiff's Complaint under Fed. R. Civ Pro. 12(b)(6) for failure to state a claim upon which relief can be granted under the Racketeer Influenced and Corrupt Organization Act (hereinafter referred to as "RICO"), 18 U.S.C. § 1961, *et. seq*. Plaintiff does not have standing to bring this action, either under RICO or Art. III, as he failed to adequately plead causation and damages. Defendant Floyd Allen incorporates herein his Memorandum in Support of its Motion to Dismiss. [Dkt. 4].

### PROCEDURAL BACKGROUND

The Plaintiff filed a Complaint on January 13, 2025, alleging that Defendants Blocker, Allen, and Torbenko schemed to cut Plaintiff out of the Commonwealth Protection Institute (hereinafter referred to as "CPI") which resulted in a violation of RICO, namely 18 U.S.C §

1

1962(b) and (c). Compl. ¶ 91-96. Defendant Allen filed his Motion to Dismiss and Memorandum in Support on February 5, 2025. Plaintiff filed an Opposition to Defendant Allen's Motion to Dismiss on February 18, 2025. Defendant Blocker filed a Motion to Dismiss and Memorandum in Support on March 17, 2025. Plaintiff filed an Opposition to Defendant Blocker's Motion to Dismiss on April 11, 2025. Neither Defendant Allen nor Defendant Blocker filed a reply.[1]

The Court issued a Memorandum Opinion and Order on September 30, 2025. The Court ordered that Defendant Allen's Motion to Dismiss was granted with respect to the Plaintiff's claims for injunctive relief and denied in relation to all other claims. The Court ordered that Defendant Blocker's Motion to Dismiss was granted with respect to the Plaintiff's claims for injunctive relief and denied in relation to all other claims. The Court further ordered that "Defendant Allen and Defendant Blocker shall file briefs of no more than TEN (10) PAGES addressing whether Plaintiff has sufficiently alleged his 'injury to business or property' to establish his personal standing to assert his RICO claim and whether, under Article III, Plaintiff can maintain standing." [Dkt. 23, Pg. 21].

**STATEMENT OF FACTS**

Defendant Floyd Allen incorporates herein the Statement of Facts from his Memorandum in Support of Its Motion to Dismiss. [Dkt. 4, Pg. 2-4].

**STANDARD OF REVIEW**

Defendant Floyd Allen incorporates herein the Standard of Review from his Memorandum in Support of Its Motion to Dismiss. [Dkt. 4, Pg. 4].

**ARGUMENT**

---

[1] Defendant Allen does not reiterate the procedural posture regarding the service of Defendant Torbenko because this Court ordered that the action as it relates to him be dismissed without prejudice as Plaintiff has not effectuated service. [Dkt. 23, Pg. 22]. *See* Fed. R. Civ. P. 4(m).

## I. RICO Standing

Plaintiff's claim must be dismissed for failure to state a claim upon which relief can be granted. Even accepting all of Plaintiff's allegations as true solely for the purposes of this motion[2], Plaintiff's RICO claim fails for several reasons in regards to Plaintiff's standing: (1) Plaintiff's alleged injury is an injury to CPI as an entity, not to the Plaintiff personally, (2) Plaintiff's alleged injuries are personal injuries rather than property damages and therefore do not qualify as RICO damages and (3) Plaintiff's alleged injury was not caused by the predicate acts of alleged racketeering.

U.S.C. § 1964(c) states that "any person injured in *his* business or property *by reason of a violation* of section 1962" (emphasis added). This "requires the plaintiff to make two closely related showings: (1) that he has suffered injury to his business or property; and (2) that this injury was caused by the predicate acts of racketeering activity that make up the violation of § 1962." *Brandenburg v. Seidel*, 859 F.2d 1179, 1187 (4th Cir. 1988). The Court further explains that type of injury and causation are not elements of a RICO claim, but instead are issues to evaluate standing to bring a RICO action. *Id.* (citing *Sedima v. Imrex Co.*, 473 U.S. 479, 496-97 (1985)).

### a. Plaintiff Failed to Allege Injury to His Business or Property

The injury to business or property requires at least one of two things: (1) the injury was to the Plaintiff's company or (2) the injury was to the Plaintiff's individual property. Plaintiff argues in his Opposition to Defendant Floyd Allen's Motion to Dismiss that "the Plaintiff does not attempt to litigate any injury to the corporation itself, but solely his own injuries and a generalized danger to the public." [Dkt. 7, Pg. 14].

---

[2] *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

CPI is not the Plaintiff's company as, since its founding in 2005, CPI has been controlled by the Board of Directors. Compl. ¶11-12. Defendant Allen is a Director on the Board and serves as CPI's Executive Director. Compl. ¶13. Accordingly, the Plaintiff must allege an injury to his property to have standing.

Plaintiff alleges individual damages of "loss of revenue" and "additional damages for injuries as may continued to be suffered by the Plaintiff until his rightful access to CPIs accounts and affairs are restored." Compl. at 17.[3] The loss of access consists of access to ATF eForms, Compl. ¶ 44, and ability to conduct transactions or business on behalf of CPI. Compl. at 17. It is clear that the Plaintiff has not alleged any claim or injury that would apply to his individual property rather than injuries to CPI.

Regarding the alleged lost revenue, Defendant is unable to find where the Plaintiff alleges how he lost revenue or that he even *received* revenue from CPI. Presumably the revenue to which he refers is CPI's revenue. Yet, CPI is prohibited from distributing revenue or payments to individuals based on CPI's non-profit status. Compl. ¶ 11 (CPI is "an Internal Revenue Code 501(c)(3) Training School").[4] Even if Plaintiff received revenue from CPI, any revenue that Plaintiff would receive from CPI would be comparable to injuries from other CPI members.

Plaintiff brings this suit as an individual, not on behalf of CPI members, so he can only request damages based on his individual injuries, not the injuries of the members of CPI as a whole. *See Pappas v. Passias*, 887 F. Supp. 465, 470-71 (E.D.N.Y. 1995) (stating that "a

---

[3] Plaintiff adds numerous facts and damages in his Opposition to Defendant Floyd Allen's Motion to Dismiss, which this Honorable Court determined "may not be considered." [Dkt. 23, n.4]. Thus, Defendant only addresses damages claimed in the original Complaint.

[4] *See* IRS, *Exemption requirements – 501(c)(3) organizations* https://www.irs.gov/charities-non-profits/charitable-organizations/exemption-requirements-501c3-organizations (stating "[t]he organization must not be organized or operated for the benefit of private interests, and no part of a section 501(c)(3) organization's net earnings may inure to the benefit of any private shareholder or individual.").

4

Plaintiff generally will not be permitted to bring a suit under RICO, in a personal capacity, where the injury he alleges has been incurred by an association or an organization of which he is a member, and any derivative injury to him is no different from that sustained by similarly situated members of the same association or organization."); *NCNB Nat'l Bank v. Tiller*, 814 F.2d 931, 937 (4th Cir. 1987) ("[a]lthough the stockholders of a corporation suffer when the corporation incurs a loss, only the corporation may vindicate its rights."), *overruled on other grounds by Busby v. Crown Supply, Inc.*, 896 F.2d 833 (4th Cir. 1990); and *Bivens Gardens Office Bldg. v. Barnett Banks, Inc.*, 140 F.3d 898 (11th Cir. 1998) ("losses suffered by a company's stakeholders as a result of racketeering activity against the company do not give them standing under RICO. RICO standing will not arise solely because one is a shareholder or a limited partner in a company that was the target of the alleged RICO violation. . . Such an injury is too indirect or 'derivative' to confer RICO standing.").

      As for lack of access to the CPI accounts, the Plaintiff is referring to CPI's ATF eForms account ("eForms"). Compl. ¶ 72, 75. However, the referenced account is a business account for CPI. Plaintiff acknowledges that the eForms account is CPI's account, not his personal account, and that he could not have even maintained a personal account, stating "[u]se of the eForms system requires registration of individual users such as LeFande who then affiliate in the system as employees of FFL entities." Compl. ¶ 22. And, that he "registered with eForms and began using the current version of the portal in March 2022, affiliated with CPI as its 'responsible person.'" Compl. ¶ 24 (emphasis added).[5]

---

[5] The Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"), the administrator of the eForms platform even agrees that the account belongs to CPI, not Plaintiff individually. [Memorandum in Support of Defendant's Motion to Dismiss, 1:24-CV-2311 (E.D. Va 2024), Dkt. 8 at 10-16.

Plaintiff even recognizes that the acts involved in changing the "Responsible Person" for CPI or request any changes to the eForms information to the ATF were actions properly designated to the CPI Board of Directors, not the Defendants individually. Compl. ¶ 38 ("All was without authority from the CPI Board of Directors to take any act regarding the CPI FFL."). And any actions to the eForms platform were completed by the ATF, not the Defendants. Plaintiff lastly alleges an inability to conduct transactions and business on behalf of CPI. Compl. at 17. Plaintiff was on Board of Directors of CPI, therefore any transactions and business conducted by Plaintiff were on behalf of CPI. Any loss of business opportunities to Plaintiff was not an injury to him but an injury to CPI. Moreover, such "loss of opportunity" injuries are personal injuries and does not qualify as property damage under 18 U.S.C. § 1964.

RICO requires damage to property, which does not include "personal injury" damages. *See Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, at *30 (D. Md. Mar. 17, 2015). *See generally Bowen v. Adidas Am. Inc.*, 84 F.4th 166 (4th Cir. 2023). Examples of types of personal injury damages that are insufficient for standing under RICO can include reputational damage, defamation, mental anguish, time spent defending against alleged narratives, money spent defending against claims, and monetary loss resulting from another type of personal injury. *See Kimberlin* No. GJH-13-3059, at *30-31. Additionally, "injury to a 'mere expectancy' or the loss of an opportunity is insufficient for a civil RICO cause of action. *See Bowen v. Adidas Am. Inc.*, 84 F.4th 166, 178 (4th Cir. 2023).

Access to an internet platform is a type of insufficient personal injury and therefore does not qualify for RICO standing. Plaintiff *expected* to be able to use CPI's access to eForms. Plaintiff could have been involved in *potential* business opportunities for CPI. But these are personal injuries, not injuries to Plaintiff's physical property as required by RICO. In addition,

6

Plaintiff's claims for loss of revenue are based on these personal injuries and is therefore insufficient for standing.

### b. Plaintiff Failed to Allege Injury Caused by RICO Violations

Even if the Court determines that there is a sufficient property injury, the Plaintiff fails to allege an injury that was caused by the predicate acts of racketeering that allegedly violated 18 U.S.C §1962, which here are multiple instances of mail fraud and wire fraud. Compl. ¶ 66-90. *See Brandenburg* 859 F.2d at 1187. ("[I]t is clear that a civil RICO complaint is vulnerable to a motion to dismiss if it fails to allege either an adequate injury to business or property, or an adequate causal nexus between that injury and the predicate acts of racketeering activity alleged") (citations removed). The Plaintiff must have suffered a direct harm. *See Slay's Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, 884 F.3d 489, 494 (4th Cir. 2018) ("[R]egardless of how foreseeable a plaintiff's claimed injury might be or even what motive underlaid the conduct that caused the harm, the injury for which a plaintiff may seek damages under RICO cannot be contingent on or derivative of harm suffered by a different party."); *NCNB Nat'l Bank* 814 F.2d at 937 (4th Cir. 1987) ("An indirectly injured party should look to the recovery of the directly injured party, not the wrongdoer for relief. This principle applies to RICO cases."), *overruled on other grounds by Busby v. Crown Supply, Inc.*, 896 F.2d 833 (4th Cir. 1990). One reason for this requirement is so that courts don't open the door to "indirect plaintiffs claiming speculative or convoluted injuries." *Id.* And the Complaint must include more than just a "slim thread" of casual connection that is just stated in "conclusory terms." *Brandenburg* at 1189-90.

Plaintiff did not suffer direct harm. Here, all alleged acts of racketeering relate to mail fraud and wire fraud as it pertains to CPI, not the Plaintiff individually or the Plaintiff's property. [Dkt. 4, Pg. 3-4]. Predicate Offenses one (1) and two (2) alleging mail fraud are the only offenses

against Defendant Allen. These particular offenses allege that Defendant Allen made (1) false forwarding orders, annual reports, and change of address forms were sent on behalf of CPI to numerous government agencies and (2) was involved in sending a "Responsible Person" application to the ATF for eForms on behalf of CPI. Both of these alleged acts of racketeering are potential direct harms to CPI. Plaintiff only suffered an indirect harm through loss of use of the eForms platform and potential business opportunities. Thus, there is no causal connection between the alleged mail fraud and wire fraud, and damage to the Plaintiff's property.

Similarly, Plaintiff only recites conclusory statements to support causation. Plaintiff does not explain how he lost revenue due to alleged mail fraud or wire fraud. Plaintiff does not allege how loss of use of eForms has a relation to the alleged mail fraud or wire fraud, apart from the conclusory statement that his removal was "as a result of Blocker's false statements." Plaintiff explains that he lost access to conduct business due to an "ongoing effort" to remove him from CPI. Compl. ¶ 28. Conclusory allegations as to Plaintiff's damages do not satisfy the requirements for standing. *See Pappas v. Passias*, 887 F. Supp. 465, 472 (E.D.N.Y. 1995) (in evaluating similar damages, found that "[i]n view of the comprehensiveness of the factual allegations within the complaint, which omit any reference to injury to plaintiff's business or property, the Court regards these conclusory allegations of injury to pecuniary interest to be insufficient to withstand a motion a dismiss, notwithstanding the fact that the plaintiff is proceeding pro se.").

The injuries and damages pled by Plaintiff in the Complaint do not satisfy the standing requirements and the Complaint should be dismissed.

**II.     Article III Standing**

To establish Article III Standing, a Plaintiff must allege "(1) an injury in fact; (2) a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the defendant's actions; and (3) a likelihood that the injury will be redressed by a favorable decision." *Ali v. Hogan*, 26 F.4th 587, 595-96 (4th Cir. 2022) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)). The Plaintiff "bears the burden of establishing standing to sue as of the time he commenced the litigation." *See Ali v. Hogan*, 26 F.4th at 596. Here, Plaintiff has not alleged proper Article III standing.

### a. Injury in Fact

"A plaintiff demonstrates an injury in fact when he has 'sustained or [is] immediately in danger of sustaining some direct injury'" *Id.* (emphasis added) (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-02 (1983)). *See Asanov v. Merchan*, No. 5:24-CV-514-FL, 2025 LX 65249 (E.D.N.C. May 27, 2025) ("'concrete' injury in 'a personal and individual way and not . . . a generalized grievance.'") (quoting *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 381 (2024)). The Court should not take into account mere "legal conclusions" or "naked assertions." *See Ali v. Hogan*, 26 F.4th at 596 (quoting *David v. Alphin*, 704 F.3d 327, 333 (4th Cir. 2013)). Plaintiff has not sustained a direct injury, as previously evaluated. *See supra* Section I.a. In addition, Plaintiff's injuries are due to a dispute centering around the control of CPI, and such disagreement is insufficient for Article III standing. *See Ali v. Hogan*, 26 F.4th at 596 (stating that "the 'presence of a disagreement, however sharp and acrimonious it may be, is insufficient by itself to meet [Article] III's requirements' for an injury in fact.") (quoting *Diamond v. Charles*, 476 U.S. 54, 62 (1986)).

### b. Causation

Plaintiff must have suffered an injury that can be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court" to satisfy the causation element of Article III standing. *Lujan v. Defenders of Wildlife*, 504 U.S. at 560. Plaintiff has not alleged any causation, apart from conclusory statements, that show a causal connection between his alleged injuries and the predicate offenses, especially the predicate offenses against Defendant Allen. *See supra* Section I.b.

### c. Redressability

Redressability hinges on whether Plaintiff would be redressed based upon the relief requested in the Complaint. The Plaintiff claims relief of access to the business, access to eForms, and revenue. Even if Plaintiff is successful, he still cannot receive revenue from CPI due to its non-profit status. *See supra* note 4. Similarly, Plaintiff's access to the eForms platform will not be restored, as that access is controlled and managed by the ATF. *See supra* Section I.a. And Plaintiff's access to business affairs, along with eForms access, will not be restored as that is controlled by CPI and would require this Court granting injunctive relief to require CPI institute Plaintiff as a Board member and/or an employee. The Court already dismissed any injunctive relief to do just that. *See* Order at 21. The injuries and damages pled by Plaintiff in the Complaint do not satisfy the standing requirements and the Complaint should be dismissed.

## CONCLUSION

WHEREFORE, the Defendant, Floyd Allen, by and through counsel and pursuant to. Fed. R. Civ. Pro 12 (b)(6), moves this Honorable Court to grant its Motion to Dismiss and enter an Order:

(1) Dismissing the Complaint against Mr. Allen with prejudice; and

(2) Granting such other relief this Honorable Court deems just and proper.

|  |  |
|---|---|
| | Respectfully submitted, |
| | FLOYD P. ALLEN, |
| Date: October 24, 2024 | By: /s/ Sachin Kori<br>Sachin Kori, Esq. (VSB # 80572)<br>The Irving Law Firm<br>2311 Wilson Boulevard, 3rd Floor<br>Arlington, Virginia 22201<br>Phone: 703-530-9001<br>Fax: 703-530-8555<br>E-mail: sachin@theirvinglawfirm.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of October, 2025, I electronically filed the foregoing Consent Motion with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all filing users.

Matthew A. LeFande
P.O. Box 22
Midland, Virginia 22728
703-879-3014
Matthew.lefande@cpi-va.us
*Plaintiff, Pro Se*

Stephen Lofaso, Esq.
Collin C. Crookenden, Esq.
Vanderpool, Frostick & Nishanian PC
9200 Church Street, Suite 400
Manassas, Virginia 20110
Phone: 703-369-4738
Fax: 703-369-3653
lofasofilings@vfnlaw.com
*Counsel for Defendant Jona Blocker*

/s/ Sachin Kori
Sachin Kori (VSB #80572)