

**UNITED STATES DISTRICT COURT**
**Eastern District of Virginia – Alexandria Division**

| | |
|---|---|
| MATTHEW A. LeFANDE | |
| Plaintiff, | |
| v. | 1:25-cv-54 (RDA/WEF) |
| JONA MIKELL BLOCKER, *et al.* | |
| Defendants. | |

**PLAINTIFF'S DECLARATION REGARDING**
**SUBJECT MATTER JURISDICTION**

In response to the court's inquiry as to the sufficiency of subject matter jurisdiction in this case, the Plaintiff attests to the following:

1.      I am Matthew August LeFande, presently residing in Midland Virginia.  I am the Plaintiff in the above captioned case.

2.      I have been the Treasurer, Secretary and statutory Training Director for Commonwealth Protection Institute (CPI) since 2005.

3.      As Treasurer, I have had sole responsibility for the corporate accounts and records of CPI since its inception.

4.      As Secretary, I am solely responsible for noticing any board meeting of the corporation, and recording any act of the Board of Directors.   As such, I can attest that no corporate resolution has changed my status since CPI's inception.

5.      Since the start of CPI, I have dedicated much of my free time and a great deal of my discretionary income to the development of the corporation, the obtaining of

1

specialized training and certifications valuable to the corporation, and the acquisition of property in support of the corporation's mission.

6.      In 2012, I initiated a lease agreement with the then operators of the range property which would later become the Midland Training Center in Midland Virginia.

7.      In June, 2018, I orchestrated the donation of a Miller CC/CV welding machine from the Defense Logistics Agency of the United States Government. The machine had a listed government acquisition cost of $5,168.21.

8.      In August, 2018, I orchestrated the donation of a Hardinge HLV-H tool room lathe from the U.S. Food and Drug Administration. The machine had a stated acquisition cost of $67,200.00 and weighs about 3,000 pounds.

9.      In November, 2018, I orchestrated the donation of two industrial Miller welding machines from the Defense Logistics Agency. The machines had a combined stated acquisition cost of $12,398.53.

10.     By the end of 2018, the range property operators had indicated that they did not want CPI to maintain or operate machine tools at the property. Beginning in December 2018, at the behest of Defendant Jona Blocker, I began bringing CPI's machine tools to her home in Woodbridge Virginia, which had a more or less unoccupied 2,500 sq. ft. workshop in the lower level.

11.     Also in December 2018, I travelled to Marietta Ohio to receive a Bridgeport Series I milling machine donated to CPI by the U.S. Army Corps of Engineers. The milling machine has an estimated retail value of $25,000.00 new.

12. Also in December 2018, I orchestrated the donation of an industrial siphon cyclone media blasting cabinet from the Defense Logistics Agency. The machine had a retail value of more than $11,000.00.

13. In February 2019, CPI further received in donation from the Defense Logistics Agency a sheet metal brake, a Pexto sheet metal shear, a heavy duty bird's head shear and an industrial spot welding machine with a total value of more than $20,000.00.

14. Around the same time, CPI received in donation a Clausing 22V-1 heavy duty drill press from NASA. The Clausing has an estimated retail value of more than $4,000.00.

15. In March 2019, I orchestrated the donation of a 20-ton hydraulic press to CPI from the Defense Logistics Agency. The press had a listed acquisition cost of $900.00, which I believe to have been greatly undervalued.

16. In April of 2019, I orchestrated the donation of a Standard Modern engine lathe, to CPI from the Defense Logistics Agency. The machine had a stated acquisition cost of $36,350.00 and weighs approximately 6,500 pounds. The lathe was accompanied by a very large industrial tool chest with thousands of dollars in lathe chucks and tooling inside.

17. In May 2019, I traveled to Cincinnati Ohio to receive a donation of a Bridgeport CNC surface grinder from NASA. The grinder had a stated acquisition cost of $39,913.00.

18. Also in May 2019, CPI received in donation from a private company, a Perkins 10 ton OBI Punch Press. The press has a retail value of more than $3,000.00.

19. Following Blocker's assault of my person in September 2023, and her subsequent trespassing of me in retaliation for obtaining a protective order against her, together with the Defendants' frauds enumerated in the Complaint, all of the above-described tools and equipment, together with nearly all of my own tools and personal possessions became unavailable to CPI.

20. Due to the nearly continuous interference by the Defendants with the ordinary commerce of the company over the past two years, I have been unable to earn regular income for the corporation to pay its bills and develop its training business.

21. In May 2024, I borrowed $1,500.00 to purchase another Miller Syncrowave 350LX welding machine, identical to one of the welders donated to CPI in November 2018. But for the Defendant's illegal conduct, I would not have needed to expend this money to conduct the activities of the corporation.

22. Also in May 2024, I borrowed $500.00 to purchase a smaller media blast cabinet. But for the Defendant's illegal conduct, I would not have needed to expend this money to conduct the activities of the corporation.

23. In June 2024, I borrowed more than $3,000.00 to purchase another Bridgeport milling machine at auction, similar to the one previously donated to CPI by the Corps of Engineers. But for the Defendant's illegal conduct, I would not have needed to expend this money to conduct the activities of the corporation.

24. Also in June 2024, I borrowed $500.00 to purchase another sheet metal shear similar to the Pexto donated to CPI in February 2019. But for the Defendant's illegal conduct, I would not have needed to expend this money to conduct the activities of the corporation.

25.     In August of 2024, I borrowed more than $11,000.00 to purchase another large engine lathe, similar to the Standard Modern lathe donated to CPI in April of 2019. I subsequently spent thousands of dollars on chucks, tooling and optical measurement devices for the lathe. But for the Defendant's illegal conduct, I would not have needed to expend this money to conduct the activities of the corporation.

26.     In September 2024, I borrowed more than $1,000.00 to buy another hydraulic press similar to the one donated to CPI in 2019 and retrofit it for electric operation. But for the Defendant's illegal conduct, I would not have needed to expend this money to conduct the activities of the corporation.

27.     Since this time, I have further expended thousands of dollars on miscellaneous tooling and to recreate custom fixtures I previously constructed for CPI but now unlawfully retained by the Defendants. But for the Defendant's illegal conduct, I would not have needed to expend this money to conduct the activities of the corporation.

28.     There is more than $14,000.00 in rent now due and owing to the property owners of the Midland Training Center, which I have personally pledged to pay to them on behalf of CPI, but I have not been able to pay due to the Defendants' illegal conduct and their interference in the ordinary activities of the corporation.


*The Declarant Further Sayeth Naught.*

## 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury under the laws of the United States of America that foregoing is true and correct. Executed on this fifth day of November, 2025,

Matthew A. LeFande
PO Box 22
Midland VA 22728
540 346 3760
matthew.lefande@cpi-va.us
PLAINTIFF, *pro se*

## L.R. 83.1 (N)(2) CERTIFICATE

I declare under penalty of perjury that no attorney has prepared, or assisted in the preparation of this document.

Matthew A. LeFande