UNITED STATES DISTRICT COURT
Eastern District of Virginia – Alexandria Division

| | |
|---|---|
| MATTHEW A. LeFANDE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | 1:25-cv-54 |
| ) | |
| JONA MIKELL BLOCKER, ET AL. ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT FLOYD P. ALLEN'S REPLY BRIEF IN SUPPORT OF HIS MOTION TO DISMISS**

COMES NOW, the Defendant FLOYD P. ALLEN, by and through counsel, and pursuant to Fed. R. Civ. P. 12(b)(6), and states the following as his Reply Brief in Support of his Motion to Dismiss the Complaint of the Plaintiff, Matthew LeFande, and in support thereof states as follows:

**INTRODUCTION**

Through Plaintiff's Response to the Court's Inquiry as to Sufficiency of Subject Matter Jurisdiction (*see* Dkt. 26, hereinafter the "Response"), he improperly attempts to add facts to his Complaint via the Response and via a "Supplemental Declaration Regarding Subject Matter Jurisdiction" (see Dkt. 26-1, hereinafter the "Declaration"), all without proper Motion under Fed. R. Civ. Pro. 15(a)(2). Regardless, Plaintiff's damages are insufficient to allege proper standing under Racketeer Influences and Corrupt Organizations Act ("RICO") or Art. III and the Complaint should be dismissed, with prejudice.

**I.     Plaintiff's Lack of Standing[1]**

---

[1] Defendant Allen does not address Plaintiff's claims regarding summary judgement and other 12(b)(1) arguments in the Response, as the underlying pleading is regarding a 12(b)(6) Motion to Dismiss and this Court has outlined the scope of this supplemental briefing to be regarding solely personal standing under RICO and Art. III. *See* Dkt. 23, Pg. 21.

1

Plaintiff states that the standard for damages is "more than a mere peppercorn." *See United States v. DeFries*, 43 F.3d 707, 709 (D.C. Circuit 1995). But, regardless of number of damages, they have to be the right *type* of damages to qualify under RICO, namely business or property damages due to predicate acts of racketeering. *See* U.S.C. § 1964(c). Plaintiff even states that he has not borrowed or lent money to CPI due to certain tax regulations, yet simultaneously arguing that he has incurred damages due to the alleged conduct of the Defendants. Dkt. 26, Pg. 3. All damages listed in the Declaration are potential business damages to CPI rather than personal damages to the Plaintiff.[2] Dkt. 26, Pg 4. All damages listed in Plaintiff's Opposition to Defendant Floyd Allen's Motion to Dismiss are damages to CPI. As illustrated by Plaintiff's Response, the damages are "to the corporation which cannot be remunerated to the Plaintiff," explaining that Defendants allegedly have "caused manifold harm to CPI as a corporation." Dkt. 26, Pg. 4.

Plaintiff fails to address any authority that explains that the facts and damages alleged in the Complaint satisfy the requirements for Art. III. standing. Plaintiff does not explain how any of the alleged damages are personal rather than damages to CPI as a company. Plaintiff argues that his Art. III. standing is based on injury to reputation, Plaintiff not being involved in CPI, and costs to avoid harm to CPI. *See* Dkt. 26, Pg. 5-6. These are indirect injuries that are insufficient for Art. III standing as they are solely based on Defendant's alleged conduct with CPI, not by Defendant(s) against the Plaintiff. And these allegations of damages are based on conclusory statements in the Complaint that have no ability to be redressed by this Court, as discussed in Defendant Allen's Supplemental Brief.

---

[2] Defendant Allen reiterates that he does not address facts and damages in Plaintiff's Complaint which Plaintiff attempts to improperly add to the Complaint, which this Honorable Court determined "may not be considered." [Dkt. 23, n.4].

Plaintiff fails to address any authority in support of his standing under RICO. Even if his facts as alleged in the Complaint are ruled sufficient for Art. III standing, RICO standing is a higher burden as it requires injury to personal property that are not personal injury damages, such as reputation damage or loss of a business opportunity. *See Kimberlin v. Nat'l Bloggers Club*, No. GJH-13-3059, at *30-31 (D. Md. Mar. 17, 2015) (reputation damage is insufficient for RICO standing); *Bowen v. Adidas Am. Inc.*, 84 F.4th 166, 178 (4th Cir. 2023) (loss of opportunity is insufficient for RICO standing); *Bivens Gardens Office Bldg. v. Barnett Banks, Inc.*, 140 F.3d 898 (11th Cir. 1998) (loss by a company's stakeholders is insufficient for RICO standing).

## II. Plaintiff's Improper Declaration and Improper Additions to Complaint
### a. Plaintiff's Attempt to Add Facts without Leave to Amend

The Federal Rules of Civil Procedure allow for amends to pleadings either as a matter of course within a certain time frame, or with consent of the parties or leave of Court. *See* Fed. R. Civ. P. 15(a). Plaintiff is outside of the time frame for amendment as a matter of course and therefore *must* seek leave in subsequent pleadings, not as part of these pleadings. *See, e.g., S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013) (stating that "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy"); *E. I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 449 (4th Cir. 2011) (stating "statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion."); *Odjaghian v. HHS Tech. Grp., LLC*, 848 F. App'x 534, 541-42 (4th Cir. 2021). Plaintiff's Declaration and additional exhibits should not singlehandedly amend the Complaint.

### b. Amendment is Futile

Even if the Declaration is considered by the Court for additional facts, the facts alleged are still not sufficient for damages under RICO or Art. III standing as they are purported damages

3

of CPI rather than Plaintiff's personal damages. Plaintiff's Declaration re-explains Plaintiff's involvement with the Commonwealth Protection Institute ("CPI") (see Dkt. 26-1, ¶¶1-18), and simply states additional purported damages to CPI, but no personal or individual damages.[3] Through this Declaration, it is clear that there are no actual personal damages to allege. Plaintiff himself states that "[a]ny such deficiency is immediately corrected simply by now incorporating these allegations into the Complaint." Dkt. 26, Pg. 7. Accordingly, amendment would be futile, as there are no other facts to allege that would ameliorate the standing issues with the facts and allegations in the Complaint.

### III. Dismissal with Prejudice

Failure to allege proper RICO standing allows for dismissal of the claims with prejudice. *See CGM, LLC v. BellSouth Telcoms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011) (stating that "…statutory standing—a concept distinct from Article III and prudential standing. And typically, '[a] dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.'") (citing *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011)). Plaintiff alleges that the Declaration is sufficient to correct any deficiencies of the Complaint, and so it must be concluded that Plaintiff has no other damages to allege. If the damages are insufficient for standing under RICO, amendment or a new suit would not correct any deficiencies. Dismissal with prejudice is proper as Plaintiff conclusively stated that, if this Motion is granted, he plans to refile the suit, even though it is clear that the only additional facts that would be added would be those stated in the Declaration, which remain damages to CPI. Dkt. 26, Pg. 7 (stating that he "would simply be left with refiling the case, paying a fee again and

---

[3] Declaration at ¶s 19-28 (stating that certain company items "became unavailable to CPI" or certain monetary losses occurred because of "interference in the ordinary activities of the corporation" or money Plaintiff expended "to conduct the activities of the corporation").

re-serving the Defendants to accomplish should be done with a first amendment to this Complaint.").

## CONCLUSION

WHEREFORE, the Defendant, Floyd Allen, by and through counsel and pursuant to. Fed. R. Civ. Pro 12 (b)(6), moves this Honorable Court to grant its Motion to Dismiss and enter an Order:

1. Dismissing the Complaint against Mr. Allen with prejudice; and
2. Granting such other relief this Honorable Court deems just and proper.

Respectfully submitted,

FLOYD P. ALLEN,

Date: November 13, 2025

By: /s/ Sachin Kori
Sachin Kori, Esq. (VSB # 80572)
The Irving Law Firm
2311 Wilson Boulevard, 3rd Floor
Arlington, Virginia 22201
Phone: 703-530-9001
Fax: 703-530-8555
E-mail: sachin@theirvinglawfirm.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 13 day of November, 2025, I electronically filed the foregoing Consent Motion with the Clerk of this Court using the CM/ECF system, which will send notification of such filing to all filing users. I further certify that on this 13 day of November, 2025, a true copy of the foregoing Consent Motion was delivered by e-mail and by first-class U.S. mail, postage prepaid, to the following Counsel of Record:

>Matthew A. LeFande
>P.O. Box 22
>Midland, Virginia 22728
>703-879-3014
>Matthew.lefande@cpi-va.us
>*Plaintiff, Pro Se*

And delivered by email to:

>Stephen Lofaso, Esq.
>Collin C. Crookenden, Esq.
>Vanderpool, Frostick & Nishanian PC
>9200 Church Street, Suite 400
>Manassas, Virginia 20110
>Phone: 703-369-4738
>Fax: 703-369-3653
>lofasofilings@vfnlaw.com
>*Counsel for Defendant Jona Blocker*

_____
Sachin Kori (VSB #80572)

6