IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

MATTHEW A. LEFANDE,

    **Plaintiff,**

v.                                                                     Civil Action No. 1:25cv54

JONA MIKELL BLOCKER,

and

FLOYD P. ALLEN

    **Defendants.**

### REPLY BRIEF ON STANDING

    COMES NOW, the Defendant, Jona Mikell Blocker, by and through counsel, and pursuant to this Court's September 30, 2025 Memorandum Opinion and Order, files her reply brief to LeFande's response on the matter of standing. (ECF No. 23, No. 26).

### INTRODUCTION

    1.    This Court outlined the specific parameters of the parties' supplemental briefing in its September 30, 2025 Memorandum Opinion and Order, requiring that the parties address statutory standing under RICO. (ECF No. 23). Therefore, this Court is still operating under the initial Rule 12(b)(6) motions filed by the defendants in this case.

    2.    Article III standing, or constitutional standing, is generally reviewed under Rule 12(b)(1). *CGM, LLC v. BellSouth Telcoms., Inc.*, 664 F.3d 46, 52 (4th Cir. 2011). However, there is a fundamental difference between constitutional standing and "statutory standing" which is the right to proceed under a particular statutory scheme. *Id.* (citing *Graden v. Conexant Sys., Inc.*, 496 F.3d

291, 295 (3d Cir. 2007)). "[T]ypically, '[a] dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim," instead of a dismissal for lack of subject matter jurisdiction. *Id.* (second alteration in original) (quoting *Baldwin v. Univ. of Pittsburg Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011)).

3. As stated in the supplemental brief, civil RICO suits brought on by private individuals require the plaintiffs to plead injury to their own business operations or property caused by the RICO violations. *D'Addario v. Geller*, 264 F. Supp. 2d 367, 396 (E.D. Va. 2003) (citation omitted). This is required by this Court's statutory interpretation of the RICO provisions, making it a statutory standing issue, as opposed to a constitutional standing issue.

## ARGUMENT

**I.  Without leave of this Court, LeFande is not permitted to supplement his complaint with additional facts.**

4. A party is entitled to amend their pleadings within 21 days of service or, in the case of pleadings requiring responses, 21 days after service of the responsive pleading. Fed. R. Civ. P. 15(a)(1). After these deadlines lapse, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

5. "It is well-established that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n v. Openband at Broadlands, LLC*, 713 F.3d 175, 184-85 (4th Cir. 2013) (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984)).

6. A plaintiff may attach documents to its complaint that may be considered by the court at the motion to dismiss, but the court's analysis is limited to those documents that were originally attached to the complaint. *See E.I. du Pont de Nemours & Co. v. Kolon Indus.*, 637 F.3d 435, 448 (4th

2

Cir. 2011) (citing *Sec'y of State for Defense v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007)).

7. But, a plaintiff may not supplement its complaint with documents attached to a response to a motion to dismiss nor to a supplemental brief as ordered by this Court and can only rely upon documents that were "integral to and explicitly relied on in the complaint." *See id.* (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)). "[T]he district court cannot go beyond these documents on a Rule 12(b)(6) motion; if it does, it converts the motion into one for summary judgment . . . [which] is not appropriate where the parties have not had an opportunity for reasonable discovery." *Id. at 448-49.* (citing *Gay v. Wall*, 761 F.2d 175, 178 (4th Cir. 1985)).

8. Therefore, LeFande is not permitted to supplement additional facts in his response to the defendants' supplemental briefs. *See S. Walk at Broadlands Homeowner's Ass'n*, 713 F.3d at 184-85 (citation omitted). This Court should strike the additional documents attached to LeFande's response and consider only the facts alleged in the complaint and documents "integral to and explicitly relied on in the complaint." *See Phillips*, 190 F.3d at 618.

**II.    LeFande has not alleged injury to his person or business interests.**

9. "Congress made the civil RICO cause of action for treble damages available only to plaintiffs 'injured in [their] business or property' by a defendant's RICO violation." *Bowen v. Adidas Am. Inc.*, 84 F.4th 166, 172-73 (4th Cir. 2023) (amendment in original) (quoting 18 U.S.C. § 1964(c)). "Without an injury to his 'business or property,' even a plaintiff who can prove he suffered some injury as a result of a RICO violation lacks a cause of action." *Id.*

10. The Fourth Circuit identified that "'business' in this context connotes 'a commercial or industrial enterprise' or 'commercial or mercantile activity customarily engaged in as a means of livelihood.'" *Id.* (citing *Reiter v. Sonotone Corp.*, 442 U.S. 330, 338 (1979)).

11. Because LeFande is suing in his personal capacity and not on behalf of CPI, this Court does not need to review or engage with the question of whether CPI constitutes a "commercial or industrial enterprise." If this Court chooses to review that question, this Court should find that CPI does not qualify as such an interest as a non-profit organization without distributions to investors or engagement in profit-seeking behavior.

12. In his personal capacity, LeFande does not identify how he has lost any concrete business activity and instead alleges solely reputational harm. "[I]t is 'firmly established that defamation and many other similar allegations doe not provide the requisite predicate for RICO violations." *Kimberlin v. Nat'l Bloggers Club*, 2015 U.S. Dist. LEXIS 32528, at *24-25 (D. Md. Mar. 17, 2015) (rejecting reputational harm as a cognizable injury in RICO); *see, e.g.*, *Kimm v. Lee*, 2005 U.S. Dis. LEXIS 727, at *5 (S.D.N.Y. Jan. 13, 2005).

13. Because reputational and other opportunity costs are not considered injuries to business or property, they cannot support a claim under RICO. Therefore, this Court should find that LeFande does not have standing to file a personal suit under RICO.

**III.     Amendment is futile and this Court should dismiss the complaint with prejudice.**

14. Even if this Court were to review the additional documents attached to LeFande's response, the allegations contained within do not allege how the actions directly damaged LeFande's business interests or person.

15. The declaration and attached documents, interpreted liberally, state that LeFande was able to obtain several donations from various organizations to CPI that afforded CPI to operate as a non-profit entity. In the months since the alleged conduct, LeFande argues that he has spent additional monies "to conduct the activities of the corporation." (ECF No. 26-1).

16.     "[R]egardless of how foreseeable a plaintiff's claimed injury might be or even what motive underlaid the conduct that caused the harm, the injury for which a plaintiff may seek damages under RICO cannot be contingent on or derivative of harm suffered by a different party." *MSP Recovery Claims, Series LLC v. Lundbeck LLC*, 130 F.4th 91, 107 (4th Cir. 2025) (quoting *Slay's Restoration, LLC v. Wright Nat'l Flood Insurance Co.*, 884 F.3d 489, 494 (4th Cir. 2018)).

17.     To the extent LeFande relies upon the lack of donations to CPI in recent months based on the alleged actions, such "injuries 'to mere expectancy interests' do not suffice." *See Bowen*, 84 F.4th at 173. LeFande has to articulate an actual damage not an expectation that he argues was not able to be fulfilled.

18.     The damages alleged in the complaint and in the additional documents state only that CPI was harmed in its ability to conduct business and that LeFande has incurred expenses purportedly on CPI's behalf. This does not rise to the level of damages required under RICO. Therefore, this Court should dismiss the matter with prejudice, as amendment is futile.

## CONCLUSION

**WHEREFORE,** Ms. Blocker, by counsel, requests this Honorable Court to Dismiss the Complaint and enter an order Dismissing the Complaint against Ms. Blocker and granting any other relief this Honorable Court deems proper.

Respectfully submitted,

JONA MIKELL BLOCKER,
Defendant herein

_____/s/_____
Stephen Lofaso, Esq.
Virginia State Bar No. 76992

Collin Chayce Crookenden, Esq.

Virginia State Bar No. 93455

Callie R. Kyhl, Esq.
Virginia State Bar No. 95856
Counsel for the Defendant

VANDERPOOL, FROSTICK & NISHANIAN, P.C.
9200 Church Street
Suite 400
Manassas, Virginia; 20110
Phone: (703) 369-4738
Facsimile:     (703) 369-3653
slofaso@vfnlaw.com
ccrookenden@vfnlaw.com
ckyhl@vfnlaw.com

# CERTIFICATE OF SERVICE

On November 14, 2025, I electronically filed this Reply Brief using the CM/ECF system and delivered copies to Plaintiff, Matthew LeFande, proceeding *pro se*.

_____/s/_____
Stephen Lofaso, Esq.
Virginia State Bar No. 76992

Collin Chayce Crookenden, Esq.
Virginia State Bar No. 93455

Callie R. Kyhl, Esq.
Virginia State Bar No. 95856
Counsel for the Defendant

VANDERPOOL, FROSTICK & NISHANIAN, P.C.
9200 Church Street
Suite 400
Manassas, Virginia; 20110
Phone: (703) 369-4738
Facsimile:     (703) 369-3653
slofaso@vfnlaw.com
ccrookenden@vfnlaw.com
ckyhl@vfnlaw.com